**BROWN & WILLIAMSON TOBACCO CORPORATION, Plaintiff-Appellant,**

v.

**FEDERAL TRADE COMMISSION, Defendant-Appellee,**

**Public Citizen Health Research Group, Amicus Curiae.**

**No. 82–5594.**

United States Court of Appeals, Sixth Circuit.

Sept. 19, 1983.

Before KEITH and MERRITT, Circuit Judges, BROWN, Senior Circuit Judge.

### ORDER DENYING PETITION FOR REHEARING EN BANC

Plaintiff-Appellant, Brown & Williamson Tobacco Corp., has filed an unusual petition for en banc review and for reconsideration of this Court's opinion and judgment. 710 F.2d 1165. No judge of the Court has suggested en banc review, and the original three-judge panel holds to its view that the case was correctly decided and should not be reconsidered. Brown & Williamson's petition is therefore denied.

We address briefly a striking inconsistency between the arguments of counsel for Brown & Williamson in their en banc petition and their arguments in their original appellate briefs. Counsel for the Company now claims that the Court, after deciding the initial jurisdictional issue (the "final agency action" issue), lacked power to address the merits because the record is not complete and because further extensive dis-

covery is necessary. This assertion is contrary to the position counsel took in their initial and reply briefs and in oral argument.

■ It is elementary that an appeal from the denial of injunctive relief brings the whole record before the appellate court and that the "scope of review may extend further [than the immediate question on which the District Court ruled] to allow disposition of all matters appropriately raised by the record, including entry of final judgment." 16 Wright & Miller *Federal Practice* § 3921 (1977). We have "jurisdiction to deal with all aspects of the case that have been sufficiently illuminated to enable decision by the Court of Appeals without further trial court development." *Ibid.* This principle is supported by numerous precedents and by policy considerations. *See, e.g., Hurwitz v. Directors Guild of America, Inc.,* 364 F.2d 67, 69–70 (2d Cir.1966), and the cases cited in Wright & Miller, *supra,* § 3129.

■ In their opening appellate brief, counsel for the company stated several times: "Both parties submitted the case below on the law. Neither side argued to the District Court that further factfinding was necessary to decide the issues presented." Brief of Appellant, p. 27. For similar statements, see Appellant's Brief, pp. 4, 28–29, 32–33.

Counsel for the FTC, in their brief, agreed with the position that the record was developed and that no further factfinding was necessary. Their brief stated that "If the Court determines that the Commission's action is reviewable now [as final agency action], there is a compelling need to resolve the dispute in this Court without remand." Brief of Appellee, pp. 28–29. The FTC then argued the merits of the case for the next 20 pages of its brief.

In their reply brief, counsel for the company say that "Should this Court decide to conduct the necessary in-depth review in the first instance" to decide the merits, Reply Brief, p. 18, the merits should be decided in the Company's favor. Counsel then spends twelve pages arguing the merits of the "rulemaking" and the "arbitrary and capricious" issues. Reply Brief, pp. 12–24. Not once in either its Opening or Reply Brief does the Company suggest that additional proof is necessary or that the record is incomplete or that this Court is without authority to decide the case on the merits.

It is not unusual in seeking review after losing for counsel to shift ground subtly, but we have not before witnessed such a complete turnabout. Counsel appear to have taken literally to heart Emerson's admonition in his *Essay on Self Reliance:*

> A foolish consistency is the hobgoblin of little minds, adored by little statesmen and philosophers and divines. With consistency a great soul has simply nothing to do. . . . Speak what you think now in hard words and tomorrow speak what tomorrow thinks in hard words again, though it contradict every thing you said today.

*Ralph Waldo Emerson: Essays and Journals,* 95 (Munford, ed. 1968). We do not think that the "great souls" Emerson had in mind include lawyers and judges in the process of deciding this kind of case.

Accordingly, the petition is denied.